UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| COMCAST OF ILLINOIS S, LLC; and ILLINOIS LIMITED LIABILITY COMPANY, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) 05 C 5363 |
| DENNIS TOGUCHI, individually, | )<br>)<br>) |
| Defendant. | ) |

# MEMORANDUM OPINION

CHARLES P. KOCORAS, Chief District Judge:

The following matter is before the court on Defendant's, Dennis Toguchi ("Toguchi"), Motion to Dismiss Plaintiff's, Comcast of Illinois X, LLC ("Comcast"), complaint pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, the Motion is denied.

## BACKGROUND

Toguchi is a resident of Cook County, Illinois. Comcast is a Limited Liability Company organized under the laws of, and with its principal place of business in, Illinois. The following facts are accepted as true for purposes of this Motion.

At the time relevant to the complaint, Comcast owned and operated a cable television system and provided and charged fees for various cable television services. The signals for Comcast's cable television services are received from orbiting satellites and through other means of over-the-air radio communication at its reception facilities. The signals are then retransmitted to customers' homes through a network of wiring and equipment and received by the customers through a device known as a "converter." The converter is supplied by Comcast and translates the signals into viewable channels.

Customers are entitled to receive only the selected programming which they have purchased. Comcast encodes or "scrambles" the signals to prevent customers from receiving programming services for which they have not paid. Customers who purchase scrambled programming services are provided with a device known as a "decoder," which is incorporated into the converter. The decoder deciphers the scrambled signal, enabling customers to view the selected programming. Comcast programs each decoder device from its central computer to descramble only those services selected and purchased by a customer.

Although Comcast secures its cable services through "scrambling," individuals can steal programming by installing and using a "descrambler." A descrambler is a device that enables an individual to intercept and view scrambled programming signals without paying for the services.

On or about September 18, 2002, pursuant to a Federal Court Order, Comcast, with the assistance of the United States Marshal's Service, raided Modern Electronics, Inc. ("Modern"), a known manufacturer and distributor of illegal descrambler devices. All of Modern's business records were seized, including invoices documenting sales of descrambling devices. The seized invoices indicated that Toguchi had purchased a VM 40 Boss VII, a known illegal descrambling device, from Modern on or about November 29, 2001.

On September 16, 2005, Comcast filed a two-count complaint initiating this suit against Toguchi and alleging violations of the Cable Communications Policy Act of 1984 ("CCA"), 47 U.S.C. § 553 (2000), and the Illinois state statutory equivalent, 720 Ill. Comp. Stat. 5/16-18, 19, 20, 21 (2005). Toguchi now brings the instant Motion to Dismiss Comcast's complaint in its entirety.

## LEGAL STANDARDS

The purpose of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is to test the legal sufficiency of a complaint. Triad Assocs., Inc. v. Chi. Hous. Auth., 892 F.2d 583, 586 (7th Cir. 1989). All well-pleaded allegations are accepted as true, and all inferences are to be drawn in a light most favorable to the plaintiff. Jackson v. E.J. Branch Corp., 176 F.3d 971, 978 (7th Cir. 1999). A complaint will not be dismissed for failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove

no set of facts in support of his claims which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

In order to survive a motion to dismiss, a plaintiff need only provide a "'short and plain statement' of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Kyle v. Morton High School, 144 F.3d 448, 454 (7th Cir. 1997), *citing* Leatherman v. Tarrant County Narcotics & Intell. Coord. Unit, 507 U.S. 163, 168 (1993). Although the particulars of the claim are not required, Midwest Gas Scvs. v. Ind. Gas Co., 317 F.3d 703, 710 (7th Cir. 2003), a complaint must allege facts setting forth the essential elements of the cause of action. Doherty v. City of Chi., 75 F.3d 318, 326 (7th Cir. 1996). A plaintiff "need not plead facts; he may plead conclusions." Jackson v. Marion County, 66 F.3d 151, 153-54 (7th Cir. 1995). With these principles in mind, we turn to the instant Motion.

## DISCUSSION

Toguchi contends that the complaint should be dismissed because Comcast: (1) is time-barred from bringing claims under either the federal or state statutory provisions; and (2) failed to plead sufficient facts to adequately state the purported claims.

*1. Whether Comcast's Purported Claims are Time Barred.*

Toguchi moves to dismiss Count I of Comcast's complaint as barred by the statute of limitations which he contends to be two-years. Congress failed to include a statute of limitations when the CCA was enacted. Comcast, in contract, asserts that the appropriate limitation period is either three years under the Copyright Act, 17 U.S.C. § 507(b) (2000), or five years under the Illinois law for conversion, 735 Ill. Comp. Stat. 5/13-205 (2005).

When "Congress fails to provide a statute of limitations for a federal cause of action, a court 'borrows' the state statute of limitation which is most analogous to the case at bar." That's Enter. of Ill., Inc., v. Centel Videopath, Inc., 1993 U.S. Dist. LEXIS 19488 *14 (N.D. Ill. December 9, 1993), *quoting* Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson, 501 U.S. 350, 355 (1991), *superseded by statute*, Venturtech II v. Deloitte, Haskins & Sells, 790 F. Supp. 574 (E.D. N.C. 1992). However, federal courts are not required to borrow a state statute of limitations and should apply a federal statute "when a rule from elsewhere in federal law clearly provides a closer analogy than available state statutes." Lampf, 301 U.S. at 356.

Toguchi relies heavily on CSC Holdings, Inc. v. Resdi, 309 F.3d 988 (7th Cir. 2002), in asserting that the CCA is governed by a two-year limitations period. However, in CSC Holdings, Inc., the parties agreed to use a two-year limitations period

borrowed from the Communications Act of 1934, 47 U.S.C. § 415(a) (2000). Therefore, the Court never actually decided the appropriate limitations period that controls the CCA. Consequently, we feel it appropriate to look to both federal and Illinois state law for guidance.

Most courts that have addressed the issue and used a federal statute of limitations have borrowed from the Copyright Act, 17 U.S.C. § 507(b). *See* <u>Prostar v. Massachi</u>, 239 F.3d 669 (5th Cir. 2001); <u>That's Enter. of Ill., Inc.</u>, 1993 U.S. Dist. 19488 (N.D. Ill. Dec. 10, 1993); <u>Enter. by J&J, Inc. v. Tia Maria Mexican Rest. & Cantina, Inc.</u>, 97 F. Supp. 2d 775 (S.D. Tex. 2000). In the few cases where a state statute of limitations was used, the courts found the state law was more directly parallel to 47 U.S.C. § 553. *See* <u>Kingvision Pay-Per-View, Corp. v. 898 Belmont, Inc</u>., 366 F.3d 217 (3rd Cir. 2004) (finding that the Pennsylvania state cable piracy law, containing a two-year limitations period, was directly analogous to 47 U.S.C. § 553). The most analogous Illinois state statute to the CCA is 720 ILCS 5/16-18, which Comcast asserts Toguchi violated in Count II of its complaint and the parties agree is governed by a limitations period of at least three years. Consequently, regardless of whether we choose to borrow from federal or state law the limitations period would be identical - three-years.

Next, Toguchi asserts that the limitations period began to run on or about November 26, 2001, the date that the descrambler was purchased, and therefore

Comcast's claims were filed outside the limitations period. It has clearly been established that statute of limitation periods begins when "a plaintiff has knowledge which would lead a reasonable person to investigate the possibility that her legal rights had been infringed." CSC Holdings, Inc., 309 F.3d at 992-993. Actual knowledge is not required, but it must be sufficient make aware the plaintiff on "inquiry notice that his rights might have been invaded." Davis v. Zirkelbach, 149 F.3d 614, 618 (7th Cir. 1998).

In the case at bar, Comcast was not put on notice that its rights had been infringed upon until on or about September 16, 2002, when it seized Modern's business records and learned that Toguchi had purchased a descrambler. Comcast further alleges that Toguchi's wrongful conduct continues to date. Consequently, because Comcast alleges violations within the three year limitations period the complaint, filed on September 16, 2005, is timely for both the federal and state claims.

*2. Failure to State a Claim under 47 U.S.C. § 553 or 720 Ill. Comp. Stat. 5/16-19*

Toguchi also contends that Comcast fails to allege sufficient facts to state a claim under either the CCA or 720 Ill. Comp. Stat. 5/16-19. Specifically, Toguchi argues that Comcast's allegation that he purchased a descrambler device is insufficient to sustain a cause of action under either statute.

The CCA states, "No person shall intercept or receive . . . any communications service offered over a cable system, unless specifically authorized to do so by a cable operator." 47 U.S.C. § 553(a)(1). It further states, "Any person aggrieved by any violation in subsection (a)(1) may bring a civil action." 47 U.S.C. § 553(c)(1). The Illinois cable piracy law mirrors the federal statute, stating that a "person commits an offense if he or she knowingly: (1) obtains or uses a communications service without the authorization of, or compensations paid to, the communication service provider." 720 Ill. Comp. Stat. 5/16-19. It creates a private cause of action for "[a]ny person aggrieved by a violation of Section 16-19." 720 Ill. Comp. Stat. 5/16-21(a). A "communication service is defined as "any service lawfully provided for a charge or compensation to facilitate the lawful origination, transmission, emission, or reception of . . . signals . . . and also any service lawfully provided by any . . . cable television . . . network [or] system." 720 Ill. Comp. Stat. 5/16-18. In sum, in order to state a cause of action under these provisions, Comcast must allege that Toguchi knowingly obtained or used Comcast's cable television service on at least one occasion.

Toguchi contends that the federal and state statutes do not prohibit the purchase of a descrambler device. Citing V Cable, Inc. v. Guercio, 148 F. Supp. 2d 236 (E.D.N.Y. 2001), Toguchi argues that Comcast must prove actual interception, and cannot sustain a civil cause of action solely on evidence that he purchased a

descrambler. Although Toguchi is correct that Comcast must ultimately prove actual interception to prevail on the merits of its claims, Comcast is not required to do so at this initial pleading stage. Comcast clearly alleges that, ". . . Toguchi has effected such unauthorized interception, reception and exhibition of COMCAST Programming utilizing the VM 40 Boss VII since December 6, 2001." Consequently, Comcast has sufficiently pled that Toguchi intercepted Comcast's cable transmission, giving rise to a cause of action under both the federal and state law.

## CONCLUSION

For the reasons set forth above, Toguchi's Motion to Dismiss is denied.

*[signature: Charles P. Kocoras]*

Charles P. Kocoras
Chief Judge
United States District Court

Dated: March 2, 2006