UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Comcast of Illinois X, LLC, an Illinois Limited Liability Company, | ) ) ) | |
| | ) | Case No. 05 CV 5363 |
| Plaintiff, | ) | |
| v. | ) | Honorable Charles P. Kocoras |
| | ) | |
| Dennis Toguchi, individually | ) | Magistrate Ian H. Levin |
| Defendant. | ) | |

**PLAINTIFF'S MOTION FOR FINAL JUDGMENT**

Plaintiff, Comcast of Illinois X, LLC, an Illinois Limited Liability Company (hereinafter "Comcast"), by their undersigned attorneys and in support of its Motion for Final Judgment against Dennis Toguchi ("Defendant"), states as follows:

1. On December 21, 2007, the Court entered Summary Judgment against Defendant and in favor of Plaintiff (D.E. 86). The Court found that "Toguchi used and sold Boss VII's in violation of §553(a) of the Cable Communications Act. 47 U.S.C. §553(a)." See page 6 of D.E. 86.

2. Defendant purchased four (4) illegal cable television descrambling devices from Modern Electronics, Inc. See page 5-6 of D.E. 86.

3. Defendant received and utilized at least one (1) of the illegal cable descrambling devices purchased for his own personal use in violation of 47 U.S.C. § 553 of the Cable Communications Act.

4. Defendant distributed the remaining three (3) devices to other individuals, thereby assisting them in receiving cable television programming without authorization in violation of 47 U.S.C. § 553 of the Cable Communications Act.

5. A party whose rights under 47 U.S.C. § 553 have been violated may recover statutory damages up to $10,000.00 for each violation thereof pursuant to 47 U.S.C. §553(c)(3)(A)(ii). Further, if the Court finds that the Defendant's violations of the Cable Communications Act were committed "willfully and for purposes of direct or indirect commercial advantage or private financial gain," the Court may award additional damages of up to $50,000.00 for the first such offense and up to $100,000.00 for any subsequent offense. 47 U.S.C. § 553(c)(3)(A)(ii) and 47 U.S.C. § 553(B).

6. In addition to damages, § 553(c)(2)(C) of the Act provides that the court may award Plaintiff full costs of bringing this action, including reasonable attorney's fees to an aggrieved party who prevails.

**STATUTORY DAMAGES PURSUANT TO 47 U.S.C. §553(c)(3)(A)(ii)**

7. The first and only occasion where a Federal Appellate Court addressed the statutory damage provisions of 47 U.S.C. § 553 as they pertain to defendants, such as the Defendant in the instant case, is in the Second Circuit case, <u>Community Television Systems, Inc. v Caruso</u> 284 F.3d 430 (2nd Cir. 2002).

8. In the <u>Caruso</u> matter, the Court of Appeals for the Second Circuit affirmed a $10,000.00 statutory damage award against several noncommercial defendants who had purchased and used illegal cable television descramblers to obtain unauthorized access to Community Television's (the local cable service provider) signals. It is important to note that <u>Caruso</u> dealt solely with defendants who had purchased illegal cable television descramblers for their own personal use, as opposed to Defendant Toguchi, who purchased one (1) unit for his own personal use, but also distributed three (3) additional units for use by others.

9. The award in the Caruso matter was made pursuant to 47 U.S.C. § 605, a provision of Title 47 that prohibits the unauthorized interception of interstate radio-originated communications. 47 U.S.C. § 553 prohibits the unauthorized interception of signals transmitted via coaxial cable. It should be noted that in the Second Circuit (where Caruso was decided), the courts have repeatedly held that where there is an unauthorized interception of cable signals transmitted via coaxial cable, and these signals include interstate radio-originated communications, both 47 U.S.C. § 605 and 47 U.S.C. § 553 are violated. See International Cablevision, Inc. v Sykes ("Sykes I"), 997 F.2d 998, 1007 (2nd Cir. 1993) and International Cablevision, Inc. v Sykes ("Sykes II"), 75 F.3d 123, 131 n.4 (2nd Cir. 1996). Sections 553 and 605 are extremely similar and are often discussed interchangeably, case law discussing the two is extremely analogous.

10. In Caruso, the defendants used illegal descrambling devices to covertly intercept the plaintiff's cable television signals without authorization or payment. In the case at bar, it has been established by Summary Judgment that the Defendant connected the BOSS VII to Comcast's system in November, 2001, and was thereafter intercepting all of Comcast's programming signals without the knowledge or authorization of Comcast.

11. The facts of Caruso and the case at bar are identical with respect to Defendant's personal use of the illegal device (BOSS VII). Therefore, the Caruso case provides compelling, persuasive federal appellate authority justifying a $10,000.00 statutory damage award against this Defendant, and in favor of Plaintiff, for his individual use of a cable descrambling device.

12.  In addition, the Court may enter a statutory damage award of up to $10,000.00 for each additional descrambling device <u>distributed</u> by the Defendant, which in this case is a total of three (3) additional devices.  <u>See</u>, <u>e.g.</u>, <u>Columbia Cable TV Co. v. McCary</u>, 954 F.Supp. 124, 128 (D.S.C.1996) (treating each decoder device distributed by defendant as a separate violation); <u>Time Warner Cable v. Freedom Elecs., Inc</u>., 897 F.Supp. 1454, 1459 (S.D.Fla.1995) (holding that "[e]ach converter-decoder manufactured or distributed in violation of § 553 is a separate violation of the statute.").  As such, the Court should enter and additional statutory damage award under §553(c)(3)(A)(ii) of $30,000.00 ($10,000.00 times three (3) devices distributed).

13.  Finally, as noted above, § 553(c)(2)(C) of the Act provides that the court may award full costs of bringing this action, including reasonable attorney's fees to an aggrieved party who prevails.  The Plaintiff's recoverable fees and costs related to this matter total $15,043.50, which given the multiple dilatory motions and extensions requested by Defendant is reasonable, especially in light of the amount of statutory damages.  Plaintiff's Affidavits is support of its fees and costs are attached hereto, and for Maureen A. Beck total $12,092.50, for Jeffrey R. Platt total $1,732.50, for George S. Weems total $450.00, and for Thomas G. Oddo total $768.50.

WHEREFORE, for the foregoing reasons and for the reasons set forth in Plaintiff's Motion for Final Judgment and the attached Affidavits regarding Attorney's Fees and Costs, Plaintiff Comcast of Illinois X, LLC prays that this Court:

A.  Award Plaintiff the amount of $40,000.00 against Defendant Dennis Toguchi, individually pursuant to 47 USC § 553(c)(3)(A)(ii);

B.	Award Plaintiff attorneys' fees and costs, pursuant to 47 USC § 553(c)(2)(C) in the amount of $15,043.50; and

C.	Enter a total judgment of $55,043.50 against Defendant Dennis Toguchi, in favor of Plaintiff, Comcast of Illinois X, LLC.

D.	Grant to Plaintiff such other and further relief as this Court deems just and necessary.

Respectfully submitted,

**COMCAST OF ILLINOIS X, LLC, an Illinois Limited Liability Company**

By:   *s/ Maureen A. Beck*
Maureen A. Beck, ARDC No. 06274541
COMAN & ANDERSON, P.C.
2525 Cabot Drive, Suite 300
Lisle, Illinois 60532
(630) 428-2660
(630) 428-2549 FAX
mbeck@comananderson.com

# CERTIFICATE OF SERVICE

The undersigned, a non-attorney, hereby certifies that she caused a copy of the foregoing **MOTION FOR FINAL JUDGMENT** to be filed with the Clerk of the U.S. District Court, Northern District of Illinois, using the CM/ECF filing system, which caused a copy to be electronically mailed to the following CM/ECF Participants on this 9th day of January, 2008:

**N/A**

The undersigned also certifies that she caused a copy of the foregoing **MOTION FOR FINAL JUDGMENT** to be served on the following Non-Participant by delivering same via first class mail on this 9th day of January, 2008:

Dennis Toguchi
628 Carroll Square #1W
Elk Grove Village, IL 60007

The undersigned also certifies that pursuant to Local Rule 5.2, a "Judge's Copy" of the foregoing **MOTION FOR FINAL JUDGMENT** will be delivered via Overnight Courier on this 9th day of January, 2008:

Honorable Judge Charles P. Kocoras
Attn: Steven Tokoph
United States District Court
219 South Dearborn Street
Chambers Room 2560
Chicago, Illinois 60604

*s/ Heather Rogers*
Heather Rogers